**SCHIAN WALKER, P.L.C**.
1850 NORTH CENTRAL AVENUE, #900
PHOENIX, ARIZONA 85004-4531
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: bkdocket@biz.law
DALE C. SCHIAN, #010445
KORTNEY K. OTTEN, #032128

**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 THROCKMORTON STREET, #1000
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 405-6900
FACSIMILE: (817) 405-6902
E-MAIL: michael.lynn@bondsellis.com
D. MICHAEL LYNN, Texas Bar #12736500
E-MAIL: john@bondsellis.com
JOHN Y. BONDS, III, Texas Bar #02589100
E-MAIL: paul.lopez@bondsellis.com
PAUL M. LOPEZ, Texas Bar #24076516

Attorneys for Defendant Vigilant Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: <br> VISUAL PRO 360 INC., <br>                Debtor. | No. 2:15-bk-00968-GBN <br> CHAPTER 7 |
| DALE D. ULRICH, <br>                Plaintiff, <br> vs. <br> VIGILANT SOLUTIONS, INC., <br>                Defendant. | Adversary No. 2:17-ap-00113-GBN <br> **ANSWER** |

Vigilant Solutions, Inc. (the "Defendant") files this Answer to the Complaint (the "Complaint") of Dale D. Ulrich (the "Plaintiff"), as trustee of the bankruptcy estate of Visual Pro 360, Inc. (the "Debtor"). Except as admitted, explained, or otherwise answered herein, Defendant denies each and every allegation set forth in the Complaint, and respectfully states as follows:

## I. ANSWER

1. Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in the first sentence of paragraph 2 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 2 of the Complaint because it calls for a legal conclusion.

3. With respect to the allegations of paragraph 3 of the Complaint, Defendant admits that the docket reflects that Visual Pro 360 Inc. filed for relief under chapter 7 of the United States Bankruptcy Code on January 30, 2015. All remaining allegations in paragraph 3 of the Complaint are denied.

4. With respect to the allegations of paragraph 4 of the Complaint, Defendant admits that it is a corporation. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant denies that it received money from the Debtor after January 30, 2015 and, therefore, denies the allegations of paragraph 6 of the Complaint.

7. Defendant denies that it received post-petition transfers of estate property totaling $974,404.00 as alleged in paragraph 7 of the Complaint and lacks information sufficient to admit or deny whether any transfers as alleged in paragraph 7 of the Complaint were authorized by the bankruptcy court and therefore denies same.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in the first sentence of paragraph 9 of the Complaint but denies the remaining allegations contained in the second sentence.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant does not believe a response is necessary to Plaintiff's prayer as set out in in the Complaint; however, to the extent appropriate, Defendant denies that Plaintiff is entitled to any relief as requested in the prayer.

///

## II. AFFIRMATIVE DEFENSES

12. Plaintiff's claims are barred in whole or in part based on the doctrine of estoppel.

13. Plaintiff's claims are barred in whole or in part by collateral estoppel and res judicata.

14. Plaintiff's claims are barred in whole or in part based on the doctrine of waiver.

15. Plaintiff's claims are barred in whole or in part because the statute of limitations has run and therefore, the Trustee's ability to assert the claims against Defendant in the Complaint is barred.

Wherefore, premises considered, Defendant prays that this Court enter an order denying any and all relief requested by Plaintiff, and grant any other further relief as Defendant may show itself to be justly entitled.

DATED this  5th  day of April, 2017.

        BONDS ELLIS EPPICH SCHAFER JONES LLP
        420  Throckmorton Street, #1000
        Fort Worth, Texas 76102

        -and-

        SCHIAN WALKER, P.L.C.

        By  /s/    DALE C. SCHIAN, #010445
            Dale C. Schian
            Kortney K. Otten

        Attorneys for Vigilant Solutions, Inc.

COPY of the foregoing
e-mailed this  5th  day
of April, 2017, to:

Terry A. Dake, Esq.
Terry A. Dake, Ltd.
20 East Thomas Road, #2200
Phoenix, Arizona 85012-3133
Attorneys for Chapter 7 Trustee
tdake@cox.net

  /s/    DEBBI STEPHENS